

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| QUANTAE PRIEST, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 1:21-02878-MGL |
| BRYAN STIRLING, *Commissioner, South* | § | |
| *Carolina Department of Corrections*; and | § | |
| KENNETH NELSEN, *Warden Lee* | § | |
| *Correctional Institution*, | § | |
| Respondents. | § | |

---

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS,
DENYING PETITIONER'S MOTION TO STAY, AND GRANTING RESPONDENTS'
MOTION FOR SUMMARY JUDGMENT**

---

## I.    INTRODUCTION

Petitioner Quantae Priest (Priest) filed a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2254, against Bryan Stirling and Kenneth Nelsen (collectively, Respondents).

This matter is before the Court for review of the Report and Recommendation of the United

States Magistrate Judge recommending the Court deny Priest's motion to stay (MTS Report) and

the Report and Recommendation of the United States Magistrate Judge recommending the Court

grant Respondents' motion for summary judgment (MSJ Report).  Both the MTS Report and the

MSJ Report were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the

District of South Carolina.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Georgetown County Grand Jury indicted Priest for various charges related to a robbery and kidnapping.  Priest proceeded to a jury trial, but decided to plead guilty on the third day of the trial.  During Priest's guilty plea, he apologized to the victim for his actions and participation in the crimes.  His accomplices, Marcus Lambert (Lambert) and DaQuarius Holmes (Holmes), also pled guilty and received custodial sentences for their role in the crimes.

Priest filed a post-conviction relief (PCR) application alleging a host of grounds relating to his trial counsel's, Ronald W. Hazzard, Esq. (Hazzard), alleged ineffective assistance of counsel.  In Priest's PCR application, he averred, among other things, Hazzard failed to call favorable witnesses, including his alibi witnesses, at trial.

The PCR Court conducted a PCR hearing in which Lambert, but not Holmes, testified.  Lambert attested that he, but not Holmes or Priest, had been involved in the robbery.  Hazzard testified at the PCR hearing that Lambert's recounting of events had continually changed leading up to, during, and after Priest's trial.  He noted that he had spoken with each potential alibi witness before trial, but none would "provide him with the alibi he sought."  PCR Hearing Transcript at 11.

The PCR Court denied Priest's application.  Priest subsequently appealed the PCR Court's denial, but the South Carolina Court of Appeals affirmed the PCR Court's decision.  The South Carolina Supreme Court subsequently denied certiorari.  Priest then filed the Section 2254 petition currently before this Court, as well as the "motion to stay and hold these proceedings in abeyance pending exhaustion of his state court remedies."  *Id.*  Thereafter, Respondents filed the motion for summary judgment.

### III.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).


### IV.    MTS REPORT

The Magistrate Judge filed the MTS Report on October 21, 2021. Priest objected and Respondents replied.  The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Priest presents several objections to the MTS Report, which together amount to an objection to the Magistrate Judge's analysis of his motion to stay under *Rhines v. Weber*, 544 U.S. 269 (2005) and resulting recommendation of denial.  The Court thus analyzes the objections together.

A federal habeas case may be stayed and held in abeyance "where such a stay would be a proper exercise of discretion."  *Rhines*, 544 U.S. at 276.  In certain circumstances where a petitioner files a mixed petition—one containing both exhausted and unexhausted claims—an exercise of such discretion would be proper.  *Id.* at 272–73.  A stay would "allow the petitioner to

present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition." *Id.* at 271–72. Additionally, a stay may only be granted where a petitioner demonstrates "[1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Priest filed a motion for a new trial in state court under South Carolina Rule of Criminal Procedure 29(b), asserting after-discovered evidence. He asks the state court to consider Holmes's potential testimony, which he insists is favorable to him. He seeks to present an affidavit from Holmes that attests a now-deceased individual participated in the robbery, rather than Priest.

Here, Priest is unable to satisfy the second element of the *Rhines* test. Priest's claims have no potential merit, so a stay is unwarranted. Priest pled guilty, admitting he committed the offenses and with whom, and apologized to the victim. "Solemn declarations in open court[,]" like guilty pleas, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, statements made during a guilty plea "are 'conclusively' established by that proceeding unless and until [the petitioner] makes some reasonable allegation why this should not be so." *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir. 1985). In other words, a petitioner must "offer[] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement." *Id.*

Priest decided to plead guilty, in the middle of his trial, presumably because his counsel advised him he had been unable to procure alibi testimony in his favor. During Priest's PCR hearing, Lambert gave similar testimony to Holmes's affidavit Priest now offers. The PCR Court

4

rejected Lambert's testimony as incredible. Holmes's affidavit presents no additional indicia of credibility. And he fails to give any reason for his changed story in the eleventh hour.

For these reasons, Priest is unable to satisfy the second *Rhines* element and a stay is unwarranted. Because this element is dispositive, the Court need not discuss the other two elements, and all objections will be overruled. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*"). The Court now turns to the MSJ Report.


## V.  MSJ REPORT

The Magistrate Judge filed the MSJ Report on January 12, 2022. Priest objected and Respondents replied. The Court has reviewed Priest's objections but holds them to be without merit. It will therefore enter judgment accordingly.

Priest's first objection centers on his assertion that the Magistrate Judge should not have reached the motion for summary judgment at all; to wit, that she should have recommended the Court grant the motion to stay. For the reasons explained above, that objection is overruled.

Additionally, Priest argues that the Magistrate Judge erred in failing to analyze the potential impact of *Shinn v. Ramirez*, 142 S.Ct 1718 (2022), and refusing to consider Holmes's affidavit, which is not in the state court record. At the time of the MSJ Report, the Supreme Court had yet to issue its decision in *Shinn*.

In *Shinn*, the Supreme Court held that a federal habeas court is forbidden from conducting an evidentiary hearing or otherwise considering evidence beyond the state-court record when state postconviction counsel "negligently failed to develop the state record[,]" even if there is evidence

of actual innocence.  142 S.Ct at 1734.  As Priest is not asserting ineffectiveness of his PCR counsel, *Shinn* is inapplicable here.  Moreover, the ruling in *Shinn*, although unknown at the time of briefing, undercuts Priest's argument, as it refused to allow federal courts to consider evidence outside the state-court record.

Section 2254 is "designed to strongly discourage" state prisoners from submitting new evidence in federal court.  *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).  A district court is prohibited from holding an evidentiary hearing when an applicant has failed to develop the factual basis of a claim in state court unless the claim relies on a new rule of constitutional law or "a factual predicate that could not have previously been discovered by the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A).  The applicant must also demonstrate, by clear and convincing evidence, the new facts will establish "that no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).

As explained above, Holmes's affidavit is incredible.  Thus, Priest has failed to show by clear and convincing evidence that the facts underlying his petition are such that no finder of fact would have found him guilty of his offense of conviction.  Accordingly, the Court will overrule Priest's objections.

## VI.    CONCLUSION

After a thorough review of the MTS Report, the MSJ Report, and the record in this case under the standard set forth above, the Court adopts the MTS Report and the MSJ Report and incorporates them herein.  Therefore, it is the judgment of the Court Priest's motion for a stay is **DENIED**; Respondents' motion for summary judgment is **GRANTED**; and Priest's petition is **DISMISSED WITH PREJUDICE**.

To the extent Priest requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 11th day of July 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE